MARY IBA, Respondent, v. CHICAGO, BURLING-
TON & QUINCY RAILROAD COMPANY, Ap-
pellant.

Kansas City Court of Appeals, January 17, 1916.

1. **MOTION TO QUASH EXECUTION: Appellate Courts: Ju-
risdiction.** The defendant appealed from an order made in
the circuit court overruling a motion to quash an execution,
upon a judgment recovered by plaintiff against the defendant
railroad for the negligent death of her husband. The mo-
tion to quash attacked the execution which was issued upon
the mandate of the Court of Appeals upon the ground that the
Court of Appeals had irretrievably lost jurisdiction over the
cause at the expiration of the March Term, 1915. *Held*, that
the decision of the Supreme Court settled not only every ju-
risdictional question raised by the defendant, but every other
such question which would fall within the scope of that pro-
ceeding, and, therefore this question should have been raised
by defendant at that time.

2. ———: ———: ———. A transfer of a cause from the
Supreme Court to the Court of Appeals, with knowledge of the
fact of the lapse of the term, was a judicial pronouncement by
Superior Court that the jurisdictional questions sought to be
raised by the motion to quash are wholly without merit.

Appeal from Buchanan Circuit Court.—*Thos. B.
Allen*, Judge.

AFFIRMED.

C. C. Crow for respondent.

Culver & Phillip for appellant.

JOHNSON, J.—The appeal in this case is from
a final order of the circuit court of Buchanan county
entered April 14, 1915, overruling defendant's motion
to quash an execution issued March 10, 1915, upon a
judgment for $5000, recovered by plaintiff in said
court February 15, 1911, in an action for damages for

the death of plaintiff's husband which she alleged was caused by negligence of defendant. The appeal was granted to the Supreme Court but on motion of plaintiff was transferred to this court June 29, 1915, for the stated reason that the Supreme Court ''is without jurisdiction of the said cause.''

Plaintiff filed a motion July 1, 1915, to dismiss the appeal for the reason, in substance, that the circuit court was without jurisdiction to hear and determine the subject-matter of the motion to quash and, therefore, this court is without jurisdiction to hear the appeal on its merits. We overruled that motion November 1, 1915, and set the cause for hearing at the foot of the December call of the docket for the October term, at which time it was argued and submitted and is now before us for determination on the merits.

This case has had an unusual and difficult course in both trial and appellate courts. Its history preceding the final decision of this court on the appeal prosecuted from the judgment for $5000, rendered against defendant in the circuit court may be found in our opinion filed January 11, 1915, and reported in 186 Mo. App. at page 718, et seq. As that opinion shows, we resumed jurisdiction over the cause pursuant to a decision of the Supreme Court in a proceeding in *certiorari* begun on the petition of plaintiff, in which that court held that we had exceeded our jurisdiction over the cause in a decision we rendered May 5, 1913, reversing the judgment and remanding the cause to the circuit court. The Supreme Court held (see State ex rel. v. Ellison, 256 Mo. l. c. 667) that the rule we applied in finding that prejudicial error had been committed against defendant in the trial court was contrary to certain prior decisions of the Supreme Court, and ordered that our decision and judgment thereon (reported in 172 Mo. App. 141) ''be quashed and for naught held and that said cause should be remanded to that court (Kansas City Court

of Appeals) to be retried and determined in conformity with the views announced herein.'' Pursuant to this mandate we resumed jurisdiction of the cause and following a re-argument of counsel and a resubmission of the cause on the merits, rendered the decision reported in 186 Mo. App. 718, in which we affirmed the judgment for $5000.

The motion to quash, now under consideration, attacks the execution which was issued upon that judgment after the circuit court received our mandate of affirmance, on the ground that we irretrievably lost jurisdiction over the cause at the expiration of the March, 1913, term, at which our decision reversing the judgment was rendered and that notwithstanding the mandate of the Supreme Court setting that decision aside and commanding us to rehear the case we still were without power or authority to assume a jurisdiction which it is contended was wholly without legal support or justification. The facts on which this attack is predicated are that the March, 1913, term of this court was adjourned to court in course on July 2, 1913, and the proceedings in *certiorari* were not begun in the Supreme Court until July 23d.

The argument of counsel for defendant proceeds from an erroneous conception of the nature of the error the Supreme Court adjudged we committed in the decision reversing the judgment and remanding the cause. Our jurisdiction over the parties and subject-matter has been, and is, conceded by the parties and was recognized in the decision of the Supreme Court, and if that tribunal, which is superior to the Courts of Appeals and exercises a power of supervision over the latter courts, within certain defined constitutional restrictions, had found that the error in the judgment we rendered was only an error of law, it would have treated the judgment as a finality and refused the application of plaintiff for extraordinary relief. ''On such a question,'' the opinion of the Supreme Court

says, "in cases wherein they have jurisdiction, the several Courts of Appeals have the same right to decide, even erroneously, as we have, and we may not interfere in anywise, whether in our judgment their opinion be right or wrong." But the opinion further says: "Upon a point of law arising from undisputed facts, they (Courts of Appeals) are required to follow the last previous ruling of this court (sec. 6, Amendment of 1884, Constitution of Missouri). If they do not we have held that a judgment rendered by them in contravention of the constitutional mandate above referred to may be quashed by us upon *certiorari.*" In other words the failure to follow the last previous ruling of the Supreme Court is regarded not as a mere error of law, but as a jurisdictional excess which the superior court have the power to remedy by quashing, i. e., pronouncing void the judgment thus infected.

Manifestly the jurisdiction to exercise this power is not dependent in any respect upon the fact of whether or not the Courts of Appeals, by the lapse of the term at which the void judgment was rendered, have lost jurisdiction over the cause, and consequently, are without power to set aside the judgment. The original jurisdiction of superior courts of review in such cases is concerned only with the question of whether a judgment in excess of lawful jurisdiction has been rendered by the inferior court, and whether the aggrieved party has been reasonably diligent in applying for the extraordinary remedy and is not hampered by any other restriction which, if allowed, would reduce the scope of original to that of appellate jurisdiction and be equivalent to a denial of the supervisory control of the superior court over inferior courts.

And if the Supreme Court had the power to order up the record on *certiorari* and to quash the judgment, they had the power also to issue their mandate to this court, in which alone resided appellate jurisdiction over the cause, commanding this court to pro-

ceed with the cause in the true course of lawful juris-diction. This, of course, on the theory that the cause which was properly lodged in this court on appeal had not been determined, the excessive judgment being a nullity and therefore, that appellate jurisdiction had not been exercised.

We must rule against defendant on the merits of the case presented on this appeal, but if we adopted the opposite view, we still would be compelled to affirm the judgment overruling the motion to quash. Counsel for defendant endeavor to escape the accusation that they are attacking the decision of the Supreme Court in inferior courts—first in the circuit court and now here on appeal—with the argument "we are not asking this court to pass upon the power of the Supreme Court, but to pass upon the effect which the order that this court made pursuant to the direction of the Supreme Court had upon its judgment setting aside and reversing the judgment for $5000 . . . when the judges of this court, in obedience to the mandate of the Supreme Court, made the order which they were directed to make, and the question is raised, for the first time, as to the legal effect of the order upon the judgment of this court reversing and remanding the judgment for $5000, this court has the jurisdiction to determine that question."

The opinion of the Supreme Court did not refer to the fact that the term of this court at which the judgment was rendered had lapsed when the petition in *certiorari* was filed, and the argument from which we have just quoted concludes that since the jurisdictional question under discussion was raised for the first time in the motion to quash, it is not *res adjudicata* and the trial court in the first instance had, and we on appeal have, jurisdiction to determine that question, which must mean that we have the power to hold that the Supreme Court had no jurisdiction to entertain the proceeding in *certiorari* because it was be-

gun out of time, would not have issued the writ and mandate if they had known the true facts, and therefore, that we acted without jurisdiction in obeying their mandate.

The answer to this argument is obvious. An inferior court is without authority to inquire into the jurisdiction of a superior court and the decision of the Supreme Court must be accepted as conclusive of the subject of the jurisdiction of that court to quash the judgment and to direct this court to resume appellate jurisdiction over the cause interrupted by the rendition of the void judgment, and also of the authority of this court to give effect to that mandate. Whether or not the fact of the lapse of the term was called to the attention of the Supreme Court, their decision settled not only every jurisdictional question raised by defendant but every other such question which would fall within the scope of that proceeding and, therefore, should have been raised by defendant. We are bound to treat that decision as a complete adjudication of the whole subject of jurisdiction and this view is strengthened by the transfer of the case to this court on the ground that the Supreme Court has no jurisdiction of it. We would not indulge the supposition that the Supreme Court transferred the cause with the thought that we would inquire into and determine the question of whether or not they had exceeded their jurisdiction in the *certiorari* proceedings, or we ours in obeying their mandate. The transfer, made with knowledge of the fact of the lapse of the term, was a judicial pronouncement by a superior court that the jurisdictional questions sought to be raised by the motion to quash are wholly without merit. The judgment overruling the motion is affirmed. All concur.